Todd M. Friedman, Esq. (SBN: 216752)
tfriedman@attorneysforconsumers.com
Suren N. Weerasuriya, Esq. (SBM 278521)
sweerasuriya@attorneysforconsumers.com
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
324 S. Beverly Dr., #725
Beverly Hills, CA 90212
Telephone: (877) 206-4741
Facsimile: (866) 633-0228
Attorneys for Plaintiff,

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Gary Wilder and Kathleen Wilder,**<br><br>Plaintiff,<br><br>v.<br><br>**AllianceOne Incorporated, and Does 1-20, Inclusive,**<br><br>Defendant(s). | Case No.:<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF:**<br><br>1. **Federal Fair Debt Collection Practices Act;**<br>2. **Rosenthal Fair Debt Collection Practice Act; and**<br>3. **California Civil Code. §§ 1798.92, et seq.;**<br><br><br>**JURY TRIAL DEMANDED** |

1
**COMPLAINT FOR DAMAGES**

## INTRODUCTION

1. In enacting the Federal Fair Debt Collection Practices Act ("FDCPA"), the federal legislature found that "there ere is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," and that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a). Further, Congress found that the "existing laws and procedures for redressing these injuries are inadequate to protect consumers," and that "abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce." 15 U.S.C. §1692(b), and (d).

2. The California State Legislature enacted the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") with the intention prohibiting debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts. *Cal. Civ. Code* §1788.1(2)

3. In enacting the California's Identity Fraud Statute, *Cal. Civ. Code* §§1798.92 et seq., the legislature found that the right to privacy is being threatened by the indiscriminate collection, maintenance, and dissemination of personal information and the lack of effective laws and legal remedies, and that in order to protect the privacy of individuals, it is necessary that the maintenance and

2
**COMPLAINT FOR DAMAGES**

dissemination of personal information be subject to strict limits. *Cal. Civ. Code* §1798.1(a),(c).

4. Gary Wilder and Kathleen ("Plaintiffs") bring this action against AllianceOne Incorporated ("Defendant"), due to Defendant's willful efforts to attempt to collect monies from Plaintiff on a debt that they did not incur and do not owe, despite Plaintiff numerously advising Defendant that the debt Defendant sought was a result of fraud on Plaintiff Gary Wilder's identity. Defendant ignored an a police report and other verifiable information provided to Defendant, attesting to the fact that the debt sought be Defendant is not by owed by Plaintiffs. As a result of Defendant's conduct, Plaintiffs have been harmed, and their rights as consumers have been violated, as further detailed below.

5. Plaintiffs make these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiffs allege on personal knowledge.

6. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

7. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

8. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

9. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

## JURISDICTION AND VENUE

10. Venue is proper in the Northern District of California because Plaintiff Kathleen Wilder resides in Contra Costa County, which is within the Northern District of California and because Defendant also does business in the Northern District of California.

11. The Court has subject matter jurisdiction over Plaintiffs' FDCPA cause of action under 28 U.S.C. §1331, because it arises under federal law, and supplemental jurisdiction over Plaintiffs' claims under the RFDCPA, and California's Identity Fraud Statute under 28 U.S.C. §1367(a), because they form part of the same case and controversy as Plaintiffs' cause of action under the FDCPA.

## PARTIES

12. Plaintiff Gary Wilder is a "Victim of Identity Theft" as that term is defined by *Cal. Civ. Code* § 1798.82(d), and Plaintiffs are "consumer(s)" as defined by 15 U.S.C. § 1692a(3), and "debtor(s)" as defined by *Cal. Civ. Code* §1788.2(h).

13. Plaintiff Kathleen Wilder is a natural person residing in Walnut Creek, California and Gary Wilder is natural person residing in Arizona. At the time

Defendant commenced its illegal activities as described herein below, Plaintiffs were married.

14. Defendant is a company that at all times relevant herein, did business in the State of California, County of Contra Costa, and at the time Defendant first engaged in the conduct that resulted in the harm to Plaintiff Kathleen Wilder, Plaintiff Kathleen Wilder was residing in Contra Costa County, California.

15. At all relevant times herein, Defendant was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by *Cal Civ. Code* §1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, *Cal Civ. Code* §1788.2(c). Defendant is also "claimant" as that term is defined by *Cal Civ. Code* § 1798.92(a).

## FACTUAL ALLEGATIONS

16. In 2004, Plaintiff Gary Wilder's identify was defrauded. In 2006, upon reviewing an Experian Credit Report, Gary noticed that Defendant was reporting a balance of $569.00 as being due and owed thereby; however, Gary immediately disputed the validity of the debt with Defendant, sending Defendant an explanation and a police report he had submitted to a local Tucson, Arizona police department. Defendant responded by removing the

credit reporting from Gary's credit standing.

17. However, on or about April 13, 2015, Plaintiffs received written correspondence from the California Franchise Tax Board ("CFTB"), advising that $569.00 of their forthcoming tax refund would be deducted and sent to the San Diego Superior Court, in care of Defendant.

18. The correspondence from the CFTB was Notice of Intercepted Funds and evidenced that Defendant was attempting to collect a debt on behalf of the Superior Court of San Diego.

19. Upon contacting Defendant numerously, to seek clarification and reiterate the dispute with regards to this debt, Plaintiff Kathleen Wilder was advised by Defendant that the debt was with regards to a traffic citation.

20. However, Defendant has not, to date, provided Plaintiffs with further specifics; nor have they sent either Plaintiff any correspondence providing validation information regarding the debt, as required by the FDCPA. Plaintiffs do not owe the monies that were withheld from their tax refund and have been actually damaged to the extent of not only said monies, but also any lost opportunities resulting from the lack of $569.00 that was garnished.

21. Plaintiffs have also suffered emotional distress as a result of this random act of their monies being unilaterally deducted due to events that have nothing to do with them; Plaintiffs are distressed that they are being held accountable for a debt that not only does not belong to them but likely resulted from identity

fraud, especially considering that Defendant was numerously advised as such and considering that Defendant is unable to provide any information regarding the validity of the debt. The fact that their identities can be compromised without any protection has caused tremendous distress to Plaintiffs.

22. More than thirty days have passed since Defendant was notified in writing, that Plaintiff Gary Wilder was the victim of identity fraud. Defendant was provided all requisite information under the California Identity Fraud Statute, to investigate Plaintiff Gary Wilder's claims. Despite no evidence suggesting that Plaintiff Gary Wilder incurred the fraudulent charges, Defendant, to date, has not returned the monies it unlawfully collected from Plaintiffs.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiffs reincorporate by reference all of the preceding paragraphs.

24. Under Section 1692d of the FDCPA, "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. §1692d. Defendant violated this provision by engaging in the conduct described above. By taking monies from Plaintiffs for a debt that they did not owe, despite numerously being informed of this issue nearly a decade ago, and despite initially acknowledging the issue, Defendant engaged in conduct which naturally resulted in Plaintiffs' oppression.

7
**COMPLAINT FOR DAMAGES**

25. Under Section 1692e of the FDCPA, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e. Defendant violated this provision by engaging in the conduct described above. By taking monies from Plaintiffs for a debt that they did not owe, despite numerously being informed of this issue nearly a decade ago, and despite initially acknowledging the issue, Defendant falsely suggested that Plaintiffs owed a debt, and were deceptive and misleading in that they clearly made various misrepresentations to the CFTB, in order to procure the legal right to have some of Plaintiffs' tax refund withheld.

26. Under Section 1692e(2)(a) of the FDCPA, a debt collector may not falsely represent the character, amount or legal status of a debt, in connection with the collection of a debt. 15 U.S.C. §1692e2(a). Defendant violated this provision by engaging in the conduct described above. By taking monies from Plaintiffs for a debt that they did not owe, despite numerously being informed of this issue nearly a decade ago, and despite initially acknowledging the issue, Defendant falsely represented the legal status of the debt because Defendant represented that Plaintiffs owed a debt, although they did not. By submitting papers to the CFTB, to have monies deducted from Plaintiffs' tax refund, Defendant falsely represented the legal status of the debt as well.

27. Section 1692e(10) of the FDCPA prohibits "the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain

8
**COMPLAINT FOR DAMAGES**

information concerning a consumer." 15 U.S.C. §1692e(10). Defendant violated this provision by engaging in the conduct described above. By taking monies from Plaintiffs for a debt that they did not owe, despite numerously being informed of this issue nearly a decade ago, and despite initially acknowledging the issue, Defendant falsely represented the legal status of the debt because Defendant represented that Plaintiffs owed a debt, although they did not. By submitting papers to the CFTB, to have monies deducted from Plaintiffs' tax refund, Defendant falsely represented the legal status of the debt as well.

28. Under Section 1692f of the FDCPA, "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §1692f. Defendant violated this provision by engaging in the conduct described above. By taking monies from Plaintiffs for a debt that they did not owe, despite numerously being informed of this issue nearly a decade ago, and despite initially acknowledging the issue, Defendant used unfair means to collect a debt from Plaintiffs.

29. Section 1692f(1) of the FDCPA prohibits "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. §1692f(1). Defendant violated this provision because there was no agreement even creating a debt owed by Plaintiffs to the party on whose behalf Defendant was collecting the alleged

9
**COMPLAINT FOR DAMAGES**

debt. Further, because Plaintiffs are not the individuals whom owe the alleged debt, Defendant's collection activities were not permitted by the law either. Thus Defendant violated this provision.

30. Under Section 1692g(a) of the FDCPA, within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing: 1) the amount of the debt; 2) the name of the creditor to whom the debt is owed; 3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; 4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and 5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. §1692g(a). To date, despite communicating with Plaintiffs numerously, Defendant has yet to send the notice required under Section 1692g(a).

31. Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiffs that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiffs for the full amount of statutory and actual damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

### **Prayer for Relief**

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

**a)** Actual damages;

**b)** Statutory damages;

**c)** Costs and reasonable attorney's fees; and,

**d)** For such other and further relief as may be just and proper

### **SECOND CAUSE OF ACTION**
### **VIOLATION OF CONSUMER ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**
### (*Cal. Civ.* Code §§1785.25(a))

32. Plaintiffs reincorporate by reference all of the preceding paragraphs.

33. Under Section 1788.17 of the RFDCPA, "[n]otwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code." *Cal. Civ. Code* §1788.17. Thus, at all times relevant herein, by engaging in conduct that violated Sections d, e, e(2)(a), f, f(1) and

g(a) of the FDCPA, Defendant violated Section 1788.17 of the RFDCPA, thereby entitling Plaintiffs to statutory damages under the same.

34. Defendant's violations of the RFDCPA were willful and knowing.

35. Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiffs that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiffs for the full amount of statutory and actual damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

## **Prayer for Relief**

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

  e) Actual damages;

  f) Statutory damages;

  g) Costs and reasonable attorney's fees; and,

  h) For such other and further relief as may be just and proper

## **THIRD CAUSE OF ACTION**
## **VIOLATIONS OF CALIFORNIA'S IDENTITY FRAUD STATUTE**
**(Cal. Civ. Code § 1798.92-1798.97)**

36. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. The foregoing acts and omissions constitute numerous and multiple violations of the Cal. Civ. Code § 1798.92, including but not limited to each and every one

12
**COMPLAINT FOR DAMAGES**

of the above-cited provisions of Cal. Civ. Code § 1798.92.

38. As a result of each and every violation of Cal. Civ. Code § 1798.92, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1798.93(c)(5); statutory damages in an amount up to $30,000.00 pursuant to Cal. Civ. Code § 1798.93(c)(6); costs pursuant to Cal. Civ. Code § 1798.93(c)(5), attorney's fees and costs pursuant to Cal. Civ. Code § 1798.93(c)(5) and any equitable relief the Court deems appropriate pursuant to Cal. Civ. Code § 1798.93(c)(5).

## Prayer For Relief

WHEREFORE, Plaintiffs pray that judgment be entered against Defendant for:

a) Actual damages

b) Statutory damages pursuant to *Cal. Civ. Code* §1798.93(c)(6).;

c) Attorney's fees and cost

d) Any other equitable or injunctive relief the Court deems appropriate

## TRIAL BY JURY

39. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: June 11, 2015

By: /s/ Todd M. Friedman
Todd M. Friedman
Suren N. Weerasuriya
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Attorney for Plaintiff

13
**COMPLAINT FOR DAMAGES**